RODNEY F. DYER *et al. vs.* THE CRANSTON PRINT WORKS CO.

PROVIDENCE—JUNE 15, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Upon the amendment of a bill in equity setting forth the death of one of the complainants, and the conveyance by his devisee to the other complainants of his interest in the property involved in the suit, the respondent cannot set up in its answer to such amended bill defences not contained in its original answer, except such as relate to the subject matter of the amendment.

BILL IN EQUITY to reform a deed and mortgage. Heard on exceptions to amended answer. See note, containing rescript in this case, 19 R. I. 211.

PER CURIAM. The amendment of the bill was rendered necessary by the death of Rodney F. Dyer, one of the complainants, and the conveyance by his devisee to the other com-

plainants of the interest which he had in the land and water rights involved in the suit, and was made by virtue of equity rule 37,[1] to obviate the necessity of a bill in the nature of a bill of revivor. This being so, the respondent is not entitled to set up defences not contained in its original answer, except such as relate to the matters set forth in the amendment. Sto. Eq. Pl. §§ 377–380 ; 2 Dan. Ch. Pl. & Pr. * 1546, 1547.

The exceptions to the amended answer are therefore sustained.

*C. Frank Parkhurst*, for complainants.

*Joseph C. Ely and James M. Ripley*, for respondent.

---

[1] Equity Rule 37. When circumstances make proper a bill of revivor, or supplemental bill, or bill in the nature of either or both, or the joinder of additional or different parties, the requisite allegations may be made by way of amendment to the original bill; and service on any new parties, as in the case of an original bill, and service of copies of the amendments on all defendants affected thereby, shall entitle the plaintiff to proceed as on an original bill.